UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ROSE M. PHILLIPS, Administratrix of the Estate of William Culpepper, Jr., <br><br>Plaintiff, <br><br>V. <br><br>PTS OF AMERICA, LLC, <br><br>Defendant. | Civil Action No. 5: 16-466-DCR <br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Mississippi County, Missouri and William Dorris' motion to dismiss for lack of venue [Record No. 40], and Defendants Louisville Metro Government and Mark Bolton's motion to dismiss for failure to state a claim [Record No. 37]. The plaintiffs have filed responses in opposition to both motions [Record Nos. 44, 45] and Defendants Louisville Metro Government and Mark Bolton have filed a reply. [Record No. 47] United States Magistrate Candace Smith issued a Report and Recommendation on September 12, 2017 [Record No. 50], recommending that Defendants Mississippi County, Missouri and William Dorris' motion to dismiss for lack of venue [Record No. 40] be denied, and this matter be transferred in its entirety, including Defendants Louisville Metro Government and Mark Bolton's motion to dismiss for failure to state a claim [Record No. 37], to the United States District Court for the Western District of Kentucky. The defendants did not file timely objections to the Magistrate Judge's recommendations.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C),

"[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record and, having conducted a *de novo* review of the matter, agrees with the Magistrate Judge.

The relevant facts are fully outlined in the Magistrate Judge's Report and Recommendation. William Culpepper, Jr. was arrested in Louisville, Kentucky on an outstanding warrant issued by the State of Mississippi. He was temporarily housed at the Louisville Metro Department of Corrections ("LMDC"). PTS, a company that provides prisoner transportation services, was to transport Culpepper from LMDC to the Central Mississippi Correctional Facility in Pearl, Mississippi. An overnight stop was planned at the Mississippi County Detention Center ("MCDC") in Mississippi County, Missouri. Prior to departure, Culpepper allegedly reported that he had a bleeding ulcer and was experiencing abdominal pain. He was transported despite his complaints, and given antacids during the trip. He was barely responsive upon arrival at MCDC. When an ambulance arrived over half an hour later, he was unresponsive, had no pulse, and could not be revived. The coroner subsequently determined that Culpepper died due to a perforated duodenal ulcer.

Plaintiffs Rose M. Phillips, administrator of Culpepper's estate, Michelle Meyer, as parent and next friend of W.C., Culpepper's minor daughter, and Brandon Green, Culpepper's adult son, filed a Complaint in this Court under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution, and various state law claims. The plaintiffs claim that the Louisville Metro Government and Director Mark Bolton violated Culpepper's constitutional rights by surrendering Culpepper—who was in need of

medical care—to the custody of PTS. They allege that PTS and its employees violated Culpepper's constitutional rights by accepting custody of Culpepper and failing to seek medical attention during the commute from LCDC to MCDC. Finally, they allege that MCDC and its officers and employees violated Culpepper's constitutional rights by failing to immediately procure medical treatment upon his arrival at MCDC.

Defendants Mississippi County, Missouri and William Dorris argue that venue is improper in this district under 28 U.S.C. § 1391(b)(2) because "the Eastern District of Kentucky is not where [a] substantial part of the events occurred . . . ." [Record No. 41, p. 2] They argue that the proper venue is the United States District Court for the Eastern District of Missouri, Southeastern Division, and that this case should be dismissed for lack of venue. The plaintiffs respond that because "the events in this case stretch from Louisville, Kentucky to Charleston, Missouri and involve all points in between," a "substantial part of the events" giving rise to this claim did not occur in any one district, and they were therefore entitled to bring this action in any judicial district in which any defendant is subject to the court's personal jurisdiction under 28 U.S.C. § 1391(b)(3). [Record No. 45, p. 4] Because this includes the Eastern District of Kentucky, they argue that venue is proper in this district. However, the plaintiffs also state that they would have no objection if the defendants were to agree to a transfer of this case to the Western District of Kentucky.

As Magistrate Judge Smith explained, 28 U.S.C. § 1391(b)(3) only applies if the other sections of 28 U.S.C. § 1391 are inapplicable. *See Atl. Marine Const. Co. v. U.S. Dist. Court*, --- U.S. ---, 134 S. Ct. 568, 578, 187 L. Ed. 2d 487 (2013) (describing § 1391(b)(3) as a "fallback provision" applicable only if "no other venue is proper"). Here, there are two districts in which a substantial portion of the events giving rise to the plaintiffs' claims

occurred: the Western District of Kentucky and the Eastern District of Missouri. This action could have been brought in either district under 28 U.S.C. § 1391(b)(2). *See First of Michigan Corp v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) ("The fact that substantial activities took place in district B does not disqualify district A as a proper venue as long as 'substantial' activities took place in A, too.") (quoting David D. Siegel, Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2), 28 U.S.C.A. § 1391 (1993)). Accordingly, § 1391(b)(3) does not apply.

Because this matter was brought in an improper venue, this Court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As Magistrate Judge Smith explained, dismissal is not the proper remedy in this case. The plaintiffs did not misuse the court process, and their error was not an obvious one. If this case were dismissed, the statute of limitations might prevent the institution of a new suit, and a resolution on the merits. Accordingly, transfer of this case to a proper district would be in the interest of justice. *See Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009).

And as Magistrate Judge Smith concluded, factors such as the location of witnesses, accessibility of relevant evidence, and the convenience of the defendants, suggest that the Western District of Kentucky is an appropriate forum for this action. Finally, because this Court is not a proper venue, it would be not be appropriate to resolve the pending motion to dismiss for failure to state a claim [Record No. 37] at this time. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 50] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendants Mississippi County, Missouri and William Dorris' motion to dismiss for lack of venue [Record No. 40] is **DENIED**.

3. This matter is **TRANSFERRED** in its entirety, including Defendants Louisville Metro Government and Mark Bolton's pending motion to dismiss [Record No. 37], to the United States District Court for the Western District of Kentucky.

This 2nd day of October, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge